UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN ERIC ARMSTEAD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO.   C11-1352-MJP-MAT<br>(CR04-512-MJP)<br><br>ORDER RE: PETITIONER'S<br>PENDING MOTIONS |

This is an action brought pursuant to 28 U.S.C. § 2255. This matter comes before the Court at the present time on petitioner's motion to correct a mistake in one of his grounds for relief, petitioner's request for copies of documents and for leave to proceed *in forma pauperis*, petitioner's motion requesting trial transcripts and discovery, and petitioner's motion for an extension of time. The Court, having reviewed petitioner's motions and requests, the government's responses to petitioner's requests for documents, transcripts and discovery, and the balance of the record, does hereby find and ORDER as follows:

(1) Petitioner's motion to correct a mistake in his amended § 2255 motion (Dkt. No. 14) is GRANTED. Petitioner requests in the instant motion that he be permitted to change the

ORDER RE: PETITIONER'S
PENDING MOTIONS
PAGE -1

word "sentencing" that appears in Ground 23(e) of his amended § 2255 motion to the word "suppression."  As the change is minor, and the government had notice of the change prior to filing its response to petitioner's § 2255 motion, it is appropriate to permit the requested change.

(2)   Petitioner's request for copies of documents (Dkt. No. 15) is DENIED. Petitioner requests that the Clerk provide him with a series of documents including grand jury minutes and over 50 documents from the criminal case file.  As the government notes, Rule 6(e) of the Federal Rules of Criminal Procedure creates a general rule of secrecy concerning grand jury matters.  However, a court may order disclosure of grand jury materials when the defendant demonstrates a "particularized need" for such materials. *See Dennis v. United States*, 384 U.S. 855, 870-71 (1966).   In this case, petitioner offers no explanation of why he needs access to secret grand jury materials, he merely includes "grand jury minutes" on a laundry list of other materials he wishes to obtain in order to litigate his § 2255 motion. Petitioner has not met the onerous standard for disclosure of grand jury materials and his request for such documents is therefore denied.

Petitioner also includes on his list a substantial number of documents filed in the criminal case which gives rise to the instant § 2255 motion.  As plaintiff was previously advised, documents may be obtained from the criminal case by simply sending a request to the Clerk's Office together with the requisite copy fee.  (Dkt. No. 9 at 2.)  The Court notes that petitioner submitted with his request for documents an application to proceed *in forma pauperis*.  The Court presumes that the purpose of this submission is to establish his indigency and thereby obtain the requested documents at no cost.  However, a prisoner who is granted

leave to proceed *in forma pauperis* is merely authorized to file an action without prepayment of the filing fee.  *See* 28 U.S.C. § 1915.  *In forma pauperis* status does entitle a prisoner to free copies of documents from the existing Court record.  Accordingly, petitioner's application to proceed *in forma pauperis* (Dkt. No. 16) is STRICKEN as moot.

(3) Petitioner's motion requesting trial transcripts and all discovery (Dkt. No. 20) is DENIED.  To the extent petitioner seeks transcripts of his trial and related proceedings, the Court notes that the transcripts are a part of the record of his criminal case and may, as indicated above, be obtained by submitting a request to the Clerk's Office together with the requisite copy fee.

To the extent petitioner seeks discovery, petitioner has not demonstrated his need for such materials.  A habeas petitioner is not entitled to discovery as a matter of ordinary course.  However, Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that a judge has the discretion to grant a party leave to undertake discovery in § 2255 proceedings if the party is able to demonstrate that good cause exists for the request.  The Supreme Court has explained that good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969).  A review of petitioner's claims fails to reveal that there is any basis for the requested discovery under the standard set forth above.

(4) Petitioner's motion for an extension of the deadline to file a response to the government's answer (Dkt. No. 21) is GRANTED.  Petitioner is directed to file and serve his

ORDER RE: PETITIONER'S
PENDING MOTIONS
PAGE -3

01 | response not later than *April 2, 2012*.  Petitioner is advised that his response may not exceed

02 | *thirty (35) pages* in length.   Petitioner is also advised that no further extensions of the response

03 | deadline or the page limitation will be granted.

04 |    (5) Petitioner's § 2255 motion (Dkt. No. 1) is RE-NOTED on the Court's calendar

05 | for consideration on *April 6, 2012*.

06 |    (6) The Clerk is directed to send a copy of this Order to petitioner, to counsel for

07 | respondent, and to the Honorable Marsha J. Pechman.

08 |    DATED this <u>6th</u> day of February, 2012.

                                   */s/ Mary Alice Theiler*
                                  Mary Alice Theiler
                                  United States Magistrate Judge